Shaw, C. J.
This is a real action, brought to recover two houses in Boston; and the demandant claims title under an officer’s deed given by Daniel J. Cobum, a deputy-sheriff, upon a warrant directed to him, by which he was required to make sale of the same under a decree, directing the premises to be sold to satisfy a mechanic’s lien on a building contract, pursuant to the Rev. Sts. c. 117. The creditor in the decree was himself the purchaser.
On the face of the proceedings, in the court of common pleas, under which the decree was obtained, they appear to be regular, as well as the proceedings of the officer, set forth in his return, in conducting the sale under the decree.
The defendant contends, that the judgment was irregular, defective, and void, for want of due notice to him; and that as he was not, in form, made a party to the proceeding, he may avail himself of the invalidity of the judgment, by plea and proof, on the question of title derived under it, without taking any measures to set aside or reverse it.
The ground, on which the defendant insists that the judgment was irregular and void, as against him, is, that after the time when the plaintiff made the contract, under which he claims a mechanic’s lien, and caused'the same to be recorded, and before the plaintiff instituted his proceedings in the court of common pleas to enforce his lien, the defendant took a *121 mortgage of the premises, and caused the same to be recorded, and that in the record of the plaintiff’s proceedings, it does not appear that the defendant received notice of the pendency of such proceedings, until the decree was made establishing and declaring the plaintiff’s lien, and directing a warrant to issue commanding a sale to be made, in order, from the proceeds, to satisfy the plaintiff’s demand.
It is, however, conceded, that up to and after the time of the commencement of the plaintiff’s proceedings, Johnson, who made the contract, and who was the mortgagor in the mortgage, under which the defendant claims title, was in the actual possession of the premises, taking the rents and profits, and that the suit was commenced against him to enforce the claim, and due nonce was given to him as required by law. It also appears, that- after the warrant for a sale was issued, and pursuant to the directions therein contained, the officer gave public notice of the time and place and purposes of the sale.
The question is, whether in this suit, upon this title, and as against this defendant, these proceedings must be deemed null and void, so that no title passed under them to the plaintiff ; because formal notice was not ordered and given to him, as such subsequent mortgagee, not in possession. This must depend upon the provisions of the statute. The proceedings are comparatively new and somewhat anomalous ; and in respect to them much light cannot be obtained from the analogies of the law. The course directed by statute is conformable, in part, to proceedings in rem, and partly to those in personam ; but the object being to charge the estate with a lien, an incumbrance wholly independent of the personal remedies which a contracting party may have, the course of proceeding must be considered as most nearly resembling a proceeding in rem.
In a new system like'this, the only safe rule is to look into the statute, taking the whole together, and endeavoring to ascertain its true policy and scope; and under the light thus acquired, to examine its provisions in regard to the *122 particular subject of controversy. In the present case we have to ascertain what directions the statute intended to prescribe, authoritatively, in regard to the parties to receive notice.
The seventh section of the statute in question (Rev. Sts. c. 117) directs that the court shall order notice of the filing of the petition to be given to “ the owner of the land,” that he may appear and answer thereto; and also that notice shall be given to all the other creditors who have a lien of the same kind upon the same estate. The term “ owner of the land ” is explained in various other parts of the statute, as in §§ 1, 2, to be primarily the party who makes the original building contract. The tenth section provides, that every creditor, having a similar lien on the same estate, may appear and prove his claim, and “ the owner ” shall be admitted to deny and disprove the same. Here the “ owner” is manifestly the contractor or debtor. The thirteenth section provides, that when the “ owner of the land,” that is, the contractor, shall have failed to perform on his part, and the other party shall have been prevented by such failure, and without any fault of his own, from completely performing his part, he shall have a reasonable compensation for the part performed, in proportion to the price stipulated for the whole. By the twentieth section, if there is any surplus of the proceeds of the sale, it shall forthwith be paid over to the “ owner of the land,” subject to be previously attached or taken in execution.
The twenty-sixth section provides for the case, where the person who procures the work to be done has a life estate only; or any estate less than a fee-simple; or the land is mortgaged or otherwise incumbered ; in which cases, the person who procures the work to be done shall nevertheless be considered as the owner, for the purposes of this chapter, to the extent of his right and interest in the land.
These provisions appear to show plainly, that by the owner of the land ordered to have notice, in the seventh section, must be understood the contractor, — the debtor, — the party who procures the work to be done, — by which various designations the same person is intended. Such is the party in *123 tended to be the defendant, and to be summoned in the suit.
Then comes the twenty-seventh section, which is main.y relied upon by the defendant. It provides, that if the person indebted in any such contract (another circumlocution designating the contractor) shall die or convey away his estate, before the commencement of a suit on the contract, the suit may be commenced against his heirs, or whoever shall hold the estate which he had in the premises, at the time of making the contract. Does this last designation describe a subsequent mortgage ? The court are of opinion that it does not. It manifestly intends to describe an entire and complete alienation of all the debtor’s interest and estate. It is put on the same footing with the death of the party, by which his whole estate goes to his devisees or heirs. But mortgaging is not such a conveying away of the estate, as divests the entire title of the owner. It is a charge or incumbrance, created out of that estate, and may amount to a small part only of its value. Although, as between mortgagor and mortgagee, it is a transmission of the fee, which gives the mortgagee a remedy in the form of a real action, and constitutes a legal seizin; yet to most other purposes, a mortgage before the entry of the mortgagee is but .a. pledge and real lien, leaving the mortgagor to most purposes the owner.
But, further; the statute contemplates notice to be given to one party only, as owner, to answer the suit, to contest the debt, and to do all the acts, which the party defendant is allowed and called on to do, in a suit by petition to enforce the lien. If a subsequent mortgagee, who has not even taken possession, can be regarded as one to whom the contractor has conveyed away his estate, within the meaning of the seventh section; it would follow, that the original owner, — the contractor,— the debtor, — the person who procured the work to be done, — after such a mortgage, need not be summoned, and it would be a compliance with the statutes, to summon such mortgagee. This, we think, could not have been the intent of the legislature.
We are of opinion, that to give notice to all whom the *124 statute intended to make necessary parties to the suit, in order to give the court jurisdiction of the parties and of the subject-matter, and to warrant a hearing and a decree, was, to give notice to the debtor or contracting party, or in case of his death, to his devisees or heirs, or in case of his entire alienation of his estate, to those who may hold the same interest and estate, which he held, when he created the lien by his building contract.
There is a provision in the ninth section, that if any ■ of the persons interested have not had sufficient notice of the suit, the court may order further notice to them, in such manner as shall be considered most proper. Whether this means any other persons than those described in the seventh and eighth sections, may be questionable ; but we are inclined to think, that it extends to all those who might appear to the court, in the progress of their inquiries, to have any such interests as would entitle them to appear. If it is so, it is a discretionary, power, to be exercised only when such interests are disclosed; if no such persons are ordered to have notice, the natural conclusion is, that no such interests are disclosed; and the want of the notice cannot be assigned for error.
An obvious distinction must be made, between the notice required by law, which is necessary to give jurisdiction to the court, and that which is not necessary to give the court jurisdiction, but which the court will order, in the exercise of that jurisdiction, as necessary to the purposes of justice. In common suits, a summons at the defendant’s last-named place of abode, is sufficient to give the court jurisdiction, though the defendant may have been long absent. Such summons affords little probability that the party has actual notice. But, in the exercise of its jurisdiction, the court may order such further notice, as the justice of each case may require.
If it is said that the mortgagee may be injured for want of notice, the answer is, that such notice has been given as the law requires, and as the law assumes to be sufficient for practica1 purposes. Such subsequent mortgagee takes his title, with constructive notice of the prior title, by a mechanic’s lien ; that lien is of very limited duration ; and he must take *125 notice and watch the proceedings, at his peril. He stands, in this respect, much like a subsequent mortgagee, after a prior mortgage ; he must take notice of the entry of the prior mortgagee for condition broken; and if the time of foreclosure has nearly expired at the time he takes his mortgage, he must ascertain this at his peril, and offer to redeem accordingly, or be forever barred.
This statute has provided for a public notice, to all persons, of the sale, and has reserved a right of redemption. Practically, it is scarcely credible, that such a judicial proceeding can be commenced, and go to its final determination, in a decree for a sale, without its being known to a subsequent mortgagee, ordinarily careful of his rights. We are therefore of opinion, that the judgment on which the plaintiff relies was not void, and that it affords the defendant no good ground of defence to this action.
But, if it is urged that, although notice was not expressly required by the statute, it is a great principle of natural justice, that all persons whose rights may be affected by judicial proceedings, should have notice, and therefore that it should appear that such notice was given ; the answer, we think, is this; that if the notices are given, as required by the statute, the court has jurisdiction, and the proceedings are not void on the face of them. They can then only be impeached by showing affirmatively, that the plaintiff’s rights have been injuriously affected. Mere negative statements, that the record does not show that the party had notice, would not be sufficient ; this is entirely consistent with the fact, that the defendant was fully acquainted with all the proceedings while they were pending.
The party must show affirmatively that he was injured, and for this purpose must apply by petition for a certiorari, or other proper process to reverse the judgment. On such petition, courts look to the real merits, and overlook formal and technical defects. The respondent might show, in such process, that the complainant therein had due notice de facto, and might have appeared. Whately v. Franklin, 1 Met. 336; Rutland v. Worcester, 20 Pick. 71. Informal notice, if actual, is a suffi- *126 . cient answer to such a petition. Hancock v. Boston, 1 Met. 122. Judgment for the demandant.